GEORGE WATERMAN & another *vs.* THOMAS E. BURBANK.

In a suit by the payee against the maker of a promissory note, the defendant relied on the statute of limitations, and the plaintiff gave in evidence an indorsement of payment, written thereon by himself, and dated within six years next before the suit was commenced, as follows :  " Received Cotton Mill order, in part, sixteen dollars ; " also an order of the same date, drawn on the plaintiff, in favor of the defendant, by a third person, for $22·38, and directing the plaintiff to charge the same to the Cotton Mill ; and an acknowledgment of the defendant, written on the back of the order, that he had  " received the within as specified. "  *Held,* that this was not sufficient proof of payment to take the case out of the operation of the statute of limitations.

ASSUMPSIT on a promissory note, dated May 24th 1837, given by the defendant to the plaintiffs, payable on demand

The action was commenced on the 5th of December 1843, and the defendant relied on the statute of limitations.

At the trial in the court of common pleas, before *Warren*, J. the plaintiffs gave in evidence the note described in their declaration, on which were two indorsements. The first was this: "Received, December 7th 1837, fifty dollars." The second was as follows: "April 5th 1839. Received Cotton Mill order, in part, sixteen dollars and sixty cents." Both these indorsements were admitted to be in the hand writing of one of · the plaintiffs.

The plaintiffs then offered in evidence the following paper ، "Messrs. Waterman & Vaughan. Wish you to pay Thomas E. Burbank twenty two dollars and thirty eight cents, and charge the Cotton Mill. April 5th 1839.        James Jackson."

On the back of this order, and in the hand writing of the defendant, were these words: "Received the within as specified.                Thomas E. Burbank."

The plaintiffs offered no further evidence; but they produced their books of account, which they alleged would show all the business transactions between them and the defendant, and offered them to the defendant to use on the trial. This offer the defendant declined.

The court ruled, "that upon this evidence it was not competent for the jury to find a verdict for the plaintiffs, and instructed them accordingly." A verdict was returned for the defendant, and the plaintiffs alleged exceptions to the said ruling and instruction.

*Eddy & Coffin*, for the plaintiffs. As the indorsement made by the plaintiffs is not, by the Rev. Sts. *c.* 120, § 17, "sufficient proof of the payment," some other evidence thereof must be given to the jury; and that which was given would have warranted them in finding the payment which was indorsed. *Shepherd* v. *Currie*, 1 Stark. R. 454. *Porter* v. *Blood*, 5 Pick. 57. 1 Stark. Ev. 73, 74, 443. Greenl. on Ev. §§ 38, 44.

*W. Thomas*, for the defendant. The evidence of payment, in this case, must be the same which would be required if no indorsement had been made; and on this view of the matter,

30 *

the ruling of the court below was clearly right. See *Hancock v. Cook*, 18 Pick. 30.

DEWEY, J. The indorsements of payment on the note are clearly insufficient, in themselves, to take the case out of the operation of the statute of limitations, being made by the payees. Rev. Sts. *c*. 120, § 17. This the plaintiffs concede ; but they contend that the suplementary evidence establishes the fact of such payment by the defendant to them, and that this may avail them. The inquiry then is, does the proposed evidence show any such payment on this note ? The evidence, which was offered, shows. that the defendant, on the 5th of April 1839, had in his possession James Jackson's draft on the Cotton Mill for $22·38, which the defendant, by his receipt, acknowledged to have been paid. Does this latter fact warrant the legal inference that the sum of $16·60 was paid on the note, by the defendant, on the 5th of April 1839 ? It shows that the defendant had the means to make such payment. Such would also be the effect of any evidence that the defendant had in his possession that amount of money on that day. But does that show actual payment by the defendant? One test of this would be, to consider the effect of such evidence, upon the hypothesis that no indorsement had been made upon the note. Suppose the note had been produced at the trial, without any indorsement upon it, and the plaintiffs had relied solely on the draft, as evidence that a payment had been made on the note. Clearly this would have been insufficient. It is quite obvious that the whole strength of the plaintiffs' case arises from their indorsement on the note of a partial payment, and that, without this indorsement, the draft would not furnish the requisite evidence. The argument arising from coincidence n time depends entirely upon the indorsement on the note. Without taking the entry of dates as true, the force and effect of this coincidence in time are lost. So the fact, that it was a payment by an appropriation of a part of the Cotton Mill order, wholly depends upon the correctness of the entry made by the plaintiffs. But the obvious policy and the provision of the statute of limitations are, that the payee of a note shall not

make evidence, to take the promise out of the statute, by an indorsement of payment on the note, by himself, or any one in his behalf. It is easy to perceive, that if the proposed evidence were admissible, it would furnish great facilities for giving effect to an indorsement made by the payee, under color of introducing it as one link in the chain of evidence relied on by him to take his case out of the statute. We are apprehensive that a rule giving effect to such evidence would be liable to abuse, and would ordinarily be used to evade the statute provision, denying all legal effect, as evidence, to an indorsement made by the payee of the note. The recent legislation indicates that the policy of the legislature is, to give increased force and effect to the law of limitation of actions, and to require higher evidence of the renewal of promises that would be otherwise barred. We are satisfied that here was no sufficient evidence to warrant the jury in finding a payment on this note, by the defendant, within six years, and that the ruling of the court upon the point was correct.

The further offer of the plaintiffs, to produce their books of account, does not vary the case, nor authorize any different result.

*Exceptions overruled.*